UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CYNTHIA MILLS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §  Case No. 1:25-cv-00053-PLM-RSK |
| | § |
| COLSON GROUP HOLDINGS, LLC, | § |
| An Illinois Corporation, | § |
| | § |
| Defendant. | § |

**JOINT PROPOSED PROTECTIVE ORDER**

Plaintiff Cynthia Mills ("Plaintiff") and Defendant Colson Group Holdings, LLC ("Colson" or "Defendant") (collectively the "Parties"), by and through their attorneys, in anticipation of producing or otherwise revealing certain documents and other information in the course of discovery in this lawsuit, stipulate to the Court's entry of this Joint Proposed Protective Order ("Order") which shall govern the production of Confidential Information (as defined herein) in this action.

**1.     Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.     Confidential Information.** Confidential Information, as defined in this order, and obtained by Plaintiff from Defendant in this action or obtained from Plaintiff by Defendant, or obtained by or on behalf of any third party, shall be used only for the purpose of this litigation and

for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except Qualified Persons, as herein defined. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

    (a)    Salary or other pay information, time records, personnel records, disciplinary records, medical records, training materials, corporate policies or records not available to the general public, trade secrets, non-public complaints, investigation records, current or past (to the extent they reflect on current) methods, procedures, and processes relating to the disclosing party's respective business practices and/or proprietary technology, other confidential information the disclosure of which is likely to cause competitive, financial, or commercial injury to the disclosing party, and other information the confidentiality or privacy of which is protected by statute or other law; and

    (b)    Information which meets the criteria set forth in 2(a) above which was produced in this action prior to the issuance of this Order, which shall be entitled to retroactive confidential designation under the terms of this agreement.

    (c)    Notwithstanding the foregoing, Confidential Information shall not include information that is publicly known or publicly available prior to being disclosed, furnished or submitted in this litigation. Counsel shall not use the confidentiality designation except where counsel has a good faith belief that the documentation/information meets the criteria of this paragraph 2 and is consistent with the intent of this Order. For example, and without limitation, counsel shall not use the confidential designation for tactical purposes, or otherwise to gain advantage in this litigation or to conceal or encumber non-sensitive information.

3.    **Qualified Persons.** Except with the prior written consent of Defendant or Plaintiff or pursuant to further Orders of this Court on motion with notice to counsel for Defendant or Plaintiff, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include:

    (a)    Plaintiff;

    (b)    Defendant;

  (c) any current or future counsel of record for Defendant or Plaintiff in this action, and secretaries, paraprofessional assistants, and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action;

  (d) court reporters, videographers, translator's copy services, graphic support services, document imaging services and database/coding services retained by counsel to assist with this action;

  (e) deponents, witnesses, or potential witnesses;

  (f) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

  (g) the Judge in this action;

  (h) in-house counsel or paralegals of a named party; and

  (i) other persons by written agreement of the parties.

  **4.** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Prior to disclosing any Confidential Information to any person listed above in Paragraph 3(e), (f), or (i), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form set forth in Exhibit A attached hereto stating that he or she has read this Protective Order and agrees to be bound by its provisions.

  **5.** **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (each, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential

Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

6. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted following the latter of (i) within twenty-one (21) days after entry of this Order or (ii) within twenty-one (21) days after discovery of the inadvertent failure. Similarly, any party or non-party may, at any time, withdraw any designation of "Confidential" which was originally made by that party. Thereafter, such information will cease to have any of the protections herein established for Confidential Information. "Confidential" designations and withdrawals of such designations shall be effective upon receipt of such designations in writing.

7. **Improper Designation.** If and to the extent any party believes that any Confidential Information has been improperly designated as Confidential Information and wishes to disclose such information outside the terms of this Order, then the party shall (1) first, promptly meet and confer with the designating party to resolve the issue; then, if the meet and confer is unsuccessful; (2) provide all parties to this Order with at least ten (10) calendar days' notice of its intent to so

5

disclose the information. If the parties disagree on the anticipated disclosure, the party who claims confidentiality shall have the burden to move the Court for a determination of the issue(s). The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

8. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time (and not more than 30 days) after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

9. **Filing of Confidential Information.** If a party seeks to file any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties with CM/ECF filing privileges will have access to the sealed documents.

10. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other

parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

    **11.**    **Obligations on Conclusion of Litigation.**

        **(a)**    **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after the conclusion of this litigation.

        **(b)**    **Return of Confidential Documents.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

        **(c)**    **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

    **12.**    **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the

subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

13. **Enforcement of Protective Order.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

16. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

17. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

18. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that

would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

19. **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to, information or documents that may be considered Confidential Information under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a

9

later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to the specific information or documents, the receiving party must return the information or documents to the producing party within seven days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

**Dated:** October 17, 2025         /s/ Ray Kent
                                    RAY KENT
                                    United States Magistrate Judge

| WE SO MOVE<br>and agree to abide by the<br>terms of this Order | WE SO MOVE<br>and agree to abide by the<br>terms of this Order |
|---|---|
| */s/ Kevin M. Carlson*   (with permission)<br>Signature | */s/ Ryan J. Gehbauer*<br>Signature |
| Kevin M. Carlson<br>Printed Name | Ryan J. Gehbauer<br>Printed Name |
| Dated: October 13, 2025 | Dated: October 13, 2025 |

10

# EXHIBIT A

ACKNOWLEDGMENT CONCERNING CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER

RE:   *Cynthia Mills v. Colson Group Holdings, LLC*; Case No. 1:25-cv-00053-PLM-RSK.

I _____, hereby state:
   (print or type)

1.   I have read and I understand the attached Protective Order, and I agree not to disclose any Confidential Information, as described in that Protective Order, or information derived therefrom, to any person other than those entitled thereto under the terms of the Protective Order, and I further agree to make no use of such Confidential Information for any purpose other than giving testimony, advice or assistance in the above-referenced case.

2.   I further agree that all Confidential Information, or other materials containing information derived from Confidential Information, furnished to me and all documents, including notes, memoranda, and other working papers, that I prepare containing such information, whether in tangible or electronic form, will either be destroyed or returned to the party or parties from whom I received such documents or information upon the termination of the above action.

Date:  _____                              _____
                                                                    (Signature)

Company / Affiliation:  _____

Address:  _____

Telephone:  _____